IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RAMONA THOMPSON, | : |
| Plaintiff, | : |
| v. | :  No. 5:23-CV-294 (CAR) |
| CREEKSIDE AT MACON, LLC, TRINITY PROPERTY MANAGEMENT, LLC, and JOHN DOES NOS. 1-10, | : |
| Defendants. | : |

### ORDER ON PLAINTIFF'S UNOPPOSED MOTION TO COMPEL

Before the Court is Plaintiff Ramona Thompson's Unopposed Motion to Compel Ashley Scarboro, a nonparty witness, to comply with her subpoena and appear for a deposition. As explained below, the Court **GRANTS** Plaintiff's Motion [Doc. 16], and Ashley Scarboro is **HEREBY ORDERED** to comply with the subpoena Plaintiff issued her on April 2, 2024, contact Plaintiff's counsel, and appear for the deposition within fourteen (14) days of this Order as previously subpoenaed. Counsel for Plaintiff is **ORDERED** to serve this Order on Ashley Scarboro. Should Ms. Scarboro fail to appear, she may be held in **CONTEMPT OF COURT** and subject to sanctions.

1

## BACKGROUND

Plaintiff filed this negligence action against Defendants for injuries she allegedly sustained from a slip and fall accident at the Creekside at Macon apartments located at 2139 Meriwood Drive, Macon, Georgia. Defendants identified nonparty Ashley Scarboro as the property manager for Defendant Creekside at Macon and a former employee of Defendant Trinity Property Management, LLC. Plaintiff believes that because Scarboro was the property manager at the time of the incident, she "will have critical knowledge regarding facts important" to Plaintiff's theories of negligence.[1]

Scarboro was served with a subpoena on April 2, 2024, pursuant to Federal Rule of Civil Procedure 45 to appear for a deposition. Plaintiff noticed Scarboro's deposition for April 9, 2024, at 11:00am, but Scarboro failed to appear or reschedule, and continues to be unresponsive to Plaintiff's communications. Plaintiff's counsel avers she has attempted to confer in good faith with Scarboro.[2]

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[3] Pursuant to Rule 30(a)(1), a party generally may

---

[1] Plaintiff's Motion to Compel [Doc. 16 ¶ 3].
[2] *Id.* at 4.
[3] Federal Rule of Civil Procedure 26(b)(1).

take an oral deposition of any person without leave of court.[4] "The deponent's attendance may be compelled by subpoena under Rule 45."[5] Rule 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[6]

The Court finds nonparty Ashley Scarboro likely has information relevant to the parties' claims or defenses, and no evidence shows it would be unduly burdensome for Scarboro to comply with Plaintiff's subpoena to be deposed. Accordingly, the Court **GRANTS** Plaintiff's Motion to Compel nonparty Ashley Scarboro [Doc. 16]. Scarboro is **HEREBY ORDERED** to comply with the subpoena Plaintiff issued her on April 2, 2024, contact Plaintiff's counsel, and appear for her deposition within fourteen (14) days of this Order. Counsel for Plaintiff is **ORDERED** to serve this Order on Ashley Scarboro. Should Ms. Scarboro fail to appear, she may be held in **CONTEMPT OF COURT** and subject to sanctions.

**SO ORDERED,** this 19th day of April, 2024.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] Fed. R. Civ. P. 30(a)(1).
[5] *Id.*
[6] Fed. R. Civ. P. 45(d)(1).